I concur in the majority's analysis and disposition of all four of appellant's assignments of error. I write separately only to voice my concern about the "preemptive" use of the box as addressed in appellant's third assignment of error.
Upon review of the entire record in this matter and, in particular, the aforequoted dialogues between the trial court and appellant found on pages 10-13 of the Majority Opinion, it appears clear the trial court placed appellant in the isolation booth as a preemptive measure. The trial court made the determination appellant needed to be restrained before appellant misbehaved in a manner which would undermine the safe and orderly progress of the trial. I find no record demonstration to indicate appellant's restraint was necessary based upon his actual conduct.
On the morning of trial, following the final day of the suppression hearing, the trial court informed appellant he had two options. The first choice was to "act like a gentleman and cooperate with your attorney or not cooperate." As a second option, the trial court advised appellant, "if you act out or you attempt to disrupt the trial, then I have two choices. One, I can but a belt on you which would cause electric current to go * * * or you could be put in the booth over there." (Emphasis added). Appellant immediately responded he wished to wear the belt. Appellant may have misunderstood his need to choose was necessary only if he "acts out." The trial court informed appellant it would not allow him to wear the belt, and then limited appellant's options to sitting at the defense table or in the booth. Appellant, albeit in an annoying manner, repeatedly questioned the trial court about why he could not wear the belt in front of the jury. Obviously exasperated, the trial court stated, "I'm going to ask you to respond to my question. If you do not respond to my question, then you are going to leave me no other decision but to put you in the box now because I don't want you to be sitting here and then decide to act out in front of the jury." The trial court clearly made its decision based upon the conduct it anticipated from appellant. However, anticipated conduct, particularly in the absence of any prior demonstration of disruptive conduct, must be carefully scrutinized before concluding it provides sufficient reason to restrain a defendant. The placement of appellant in the isolation box is inherently prejudicial as it negatively reflects upon appellant's right to a presumption of innocence. The jury, despite being given a cautionary instruction, is left to speculate as to the reason for appellant's placement in the box. Though arguably not as prejudicial as restraining a defendant in shackles, the preemptive use of the box is inherently prejudicial. Had the trial court commenced the trial with appellant at the defense table, and appellant acted in a manner necessitating the trial court's placement of him in the box, the jury would know what caused the restraint, and would be less likely to form an opinion as to appellant's guilt than when the reason(s) for his placement in the box is left unarticulated.
Nevertheless, given the evasiveness of appellant's responses and the trial court's concern for the safety of court personnel, I am unwilling to conclude the trial court abused its discretion by preemptive placement of appellant in the box. I hasten to add such preemptive use of the box should be discouraged and only done in limited circumstances.